**In the Matter of HAVIK, INC., Debtor,**

**HAVIK, INC., Plaintiff,**

v.

**THEODORE H. SMYTH FAMILY TRUST and Anstalt Muralto, Defendants.**

**Bankruptcy No. 81–03044A.
Adv. No. 81–1337A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Sept. 22, 1981.

R. Neal Batson, Atlanta, Ga., for Havik, Inc.

J. Kirk Quillian, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for defendant.

C. Richard McQueen, Atlanta, Ga., for defendant in counterclaim.

## ORDER ON DEFENDANTS' MOTION TO DISMISS

HUGH ROBINSON, Bankruptcy Judge.

On July 24, 1981, Debtor/Plaintiff Havik Inc. ("Havik") filed a Chapter 11 proceeding with this Court. In its petition Havik presented itself as the owner of property identified as Foxcroft Condominiums/Apartments ("Property"). According to Havik it purchased this property from a Georgia Ltd. Partnership known as Foxcroft Associates, Ltd. ("Foxcroft") on June 12, 1981.

On June 28, 1981 Havik filed its complaint (Adversary Case No. 81–1337A) naming as defendants Anstalt Muralto ("Muralto") and the Theodore H. Smyth Family Trust ("Smyth") alleging a cause of action under 11 U.S.C. § 363 and seeking relief from this Court in the form of a declaration that it has the right to sell its condominiums in the ordinary course of its business free and clear of the interests of Muralto and Smyth.

The following facts are taken from the pleadings furnished by plaintiff and defendant in support of or in opposition to the instant motion.

Muralto and Smyth are two of nine limited partners of Foxcroft. Defendants, in their motion to dismiss, contend that under the terms of the limited partnership agreement of Foxcroft the individual consent of each limited partner is required to authorize the general partner to transfer the assets of the partnership, i. e., the Foxcroft Property. Plaintiff has not disputed this allegation in its response so the Court will accept it as fact.

Prior to June 15, 1981 all limited partners of Foxcroft had authorized the transfer of the property to Havik. According to defendants the necessary consents were obtained on June 2, 1981. The closing occurred on June 12, 1981 and the deeds recorded on June 15, 1981.

American Title Insurance Company ("American") insured the title for Havik. However because it (American) had some question as to the efficacy of the authorization to transfer executed by or on behalf of certain of the limited partners, including Muralto and Smyth, the policy issued to Havik contained an exception for claims arising out of the authorizations of the limited partners.

After closing Havik attempted to eliminate the exception in the title policy by requesting certain limited partners to execute a document ratifying the authorization given prior to closing and to give certain other assurances. Muralto never supplied the requested consent; Smyth did furnish it but subsequently retracted. Defendants claim that their actions came as a result of the breach of an agreement entered into prior to closing between them and a principal of Havik.

In construing the complaint and the instant motion the Court will take the allegations of plaintiff as true.

In Count I of the complaint Havik seeks relief under 11 U.S.C. Section 363. In relevant part said section provides:

(c)(1) if the business of the debtor is authorized to be operated under Section 721, 1108, or 1304 of this title and unless the Court orders otherwise, the Trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice and a hearing.

(f) the trustee may sell all property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

(1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of such interest;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

The statute speaks in terms of the sale of property "... free and clear of any interest in such property of an entity other than the estate..." and then, "... only if ... such interest is in bona fide dispute...." 11 U.S.C. Section 363(f)(4).

In reviewing the pleadings the Court concludes that Muralto and Smyth have no interest in the property in any individual capacity. Under Georgia Law defendants have no interest on their own behalf in the real property. The limited partners interest in the partnership is a personal property interest but does not vest the limited partner with title to the assets of the partnership. Ga.Code Section 75–419; *Hirsch v. Equilateral Associates*, 245 Ga. 373, 264 S.E.2d 885 (1980).

Moreover, there appears to be no "bona fide" dispute because Havik contends that defendants have no interest in the property and defendants agree. See Brief in Support of Motion to Dismiss at page 5.

Further, the Court agrees with defendants analysis that plaintiffs complaint "... is in reality a request for determination that plaintiff has title to the condominium units so that title insurance, free of the exception for claims arising by reason of the validity or unenforceability of the consents given by the limited partners, can issue. A declaration of the Court as to title to the property does not flow from a section 363 claim...."

Thus, the Court concludes that defendants Motion to Dismiss must be granted as to Count I of the complaint.

As to the allegations of Count II, the Court has jurisdiction to hear and determine the issues presented therein. 28 U.S.C. § 1471.

Taking the allegations to be true as the Court must in ruling on the instant motion, the Court is required to give plaintiff an opportunity to prove a breach of a duty owing to it by defendant arising out of the course of dealings between the parties. In this regard Count II is subject to amendment. See Count II Paragraph 21 of the Complaint.

If the duty can be established by Plaintiff then it may also prove that there were "... aggravating, willful, wrongful and bad faith actions..." by defendants.

Thus, the Court must deny defendants' Motion to Dismiss Count II of the Complaint.

Defendants have also alleged that the complaint should be dismissed because plaintiff has failed to join a necessary party.

This issue is moot as to Count I because the Court has granted defendants' motion in construing 11 U.S.C. Section 363.

As to Count II the Court concludes that the Motion to Dismiss for Failure to Join a Necessary Party is without merit and should be, and is hereby denied.